**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT SCOTT,<br><br>            Plaintiff,<br><br>    v.<br><br>METACRINE, INC., RICHARD HEYMAN, RONALD EVANS, ANDREW GUGGENHIME, JEFFREY JONKER, PRESTON KLASSEN, JOHN MCHUTCHISON, AMIR NASHAT, and JULIA OWENS,<br><br>            Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Robert Scott ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Metacrine, Inc. ("Metacrine" or the "Company") and the members of Metacrine's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge Metacrine with Equillium, Inc. ("Equillium") (the "Proposed Transaction").

2. On September 6, 2022, Metacrine entered into an Agreement and Plan of Merger with Equillium, Equillium Acquisition Sub, Inc. ("Acquisition Sub I"), Triumph Acquisition Sub, Inc. ("Acquisition Sub II") and Triumph Merger Sub, Inc. ("Merger Sub") (as amended on October 26, 2022, the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Equillium and Metacrine will combine, with Metacrine stockholders receiving a portion of a share of Equillium common stock equal to the exchange ratio (the "Exchange Ratio"),[1] for each share of Metacrine common stock. Based on the Company's forecasted net cash of $33.75 million as of December 23, 2022, the assumed closing date, and an Equillium stock price of $2.70 per share, the lowest trading price to be calculated for purposes of the Exchange Ratio, the Exchange Ratio is equal to 0.282.

2. On November 10, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Metacrine stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for Equillium and Metacrine, and the financial analyses that support the September 2, 2022 fairness opinion (the "September Opinion") and October 19, 2022 fairness opinion (the "October Opinion," and together with the September Opinion, the "Fairness Opinions") provided by MTS Securities, LLC

---

[1] Under the Merger Agreement, the Exchange Ratio is determined by dividing (x) (a) 125% of Metacrine's net cash as of the closing of the merger, by (b) the price per share of Equillium common stock determined based on the 10 day trading volume weighted average price per share of Equillium common stock calculated 10 trading days prior to the closing date of the merger, subject to a share price collar ranging from $2.70 to $4.50, by (y) the aggregate fully diluted shares of Metacrine, plus (ii) any cash payable in lieu of fractional shares of Equillium's common stock.

("MTS"), an affiliate of the Company's financial advisor, MTS Health Partners, L.P. ("MTS Partners"); and (ii) potential conflicts of interest faced by Company insiders.

3. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Metacrine stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

4. The special meeting for Metacrine stockholders to vote on the Proposed Transaction is currently scheduled for December 20, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Metacrine's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Metacrine's common stock trades

on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8. Plaintiff is, and has been at all relevant times, the owner of shares of Metacrine common stock.

9. Defendant Metacrine is a Delaware corporation, with its principal executive offices located at 4225 Executive Square, Suite 600, San Diego, California 92037. Metacrine's shares trade on the Nasdaq Capital Market under the ticker symbol "MTCR."

10. Defendant Richard Heyman has been Chairman of the Board and a director of the Company at all relevant times.

11. Defendant Ronald Evans has been a director of the Company at all relevant times.

12. Defendant Andrew Guggenhime has been a director of the Company at all relevant times.

13. Defendant Jeffrey Jonker has been a director of the Company at all relevant times.

14. Defendant Preston Klassen has been the Company's President, Chief Executive Officer and a director of the Company at all relevant times.

15. Defendant John McHutchison has been a director of the Company at all relevant times.

16. Defendant Amir Nashat has been a director of the Company at all relevant times.

17. Defendant Julia Owens has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 10-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

19. Metacrine is a clinical-stage biopharmaceutical company focused on discovering and developing therapies for patients with gastrointestinal ("GI") diseases. The Company's most advanced program, MET642, targets the farnesoid X receptor, which is central to modulating GI and liver diseases.

**The Proposed Transaction**

20. On September 6, 2022, Metacrine announced that it had entered into the Proposed Transaction, stating, in relevant part:

> **LA JOLLA, California, September 6, 2022** – Equillium, Inc. (Nasdaq: EQ) and Metacrine Inc. (Nasdaq: MTCR), today announced that the two companies have entered into a definitive merger agreement pursuant to which Equillium will acquire Metacrine in an all-stock transaction. The transaction is anticipated to add $33 million in cash to Equillium's balance sheet at closing, which is expected to extend the company's cash runway into 2024. The transaction has been approved by the boards of directors of both companies.
>
> "The acquisition of Metacrine meaningfully strengthens Equillium's cash position," said Bruce Steel, chief executive officer at Equillium. "As we continue to execute on our ongoing clinical development programs this cash runway extension is expected to see us through multiple data catalysts and operational milestones, including our interim data readout from the Type B portion of the EQUALISE study in lupus nephritis patients in the coming weeks followed by topline data in 2023; the initiation of a Phase 2 clinical study of EQ101 in alopecia areata; initiation of a Phase 1 SAD/MAD study of EQ102 in normal healthy volunteers and celiac patients; and interim data from both EQ101 and EQ102. While prioritizing our ongoing studies, we will carefully evaluate strategic partnership options to advance the acquired MET642 program, an orally delivered Phase 2 ready FXR agonist program in ulcerative colitis. Dr. Preston Klassen, president and CEO of Metacrine, is ideally suited to help us in this endeavor and we are pleased to announce his appointment to Equillium's Board of Directors in conjunction with the closing of the transaction."
>
> "I'm honored to be joining this experienced and talented team," said Preston Klassen, M.D., MHS, president and chief executive officer of Metacrine. "I look forward to working with the Equillium team to advance their exciting pipeline of clinical programs and explore strategic opportunities for MET642. I strongly believe that Metacrine shareholders will benefit from long-term value created by the combination of our companies."

Through the acquisition, Equillium adds Metacrine's farnesoid X receptor (FXR) platform, including lead molecule MET642, an orally delivered FXR agonist that is a potential first-in-class, non-immunosuppressive treatment for inflammatory bowel disease (IBD), including ulcerative colitis (UC) and Crohn's disease. MET642 is expected to address multiple aspects of IBD pathogenesis including maintenance of epithelial barrier function and reduction of bacterial translocation. Equillium will be seeking a strategic partner with which to advance this program.

**Transaction Details**

The transaction consideration will be comprised entirely of stock, where Equillium will issue stock valued at a 25% premium over the net cash delivered at closing, which is estimated to be approximately $26 million. Net cash is total cash, cash equivalents, and short-term investments, adjusted by certain factors including debt, which includes term debt with an outstanding principal of $15 million, and other liabilities, as defined in the merger agreement. The stock value will be based on Equillium's 10-day volume weighted average closing price calculated ten trading days prior to closing, subject to a share price collar ranging from $2.70 to $4.50. In addition, Equillium has agreed to terms on an amended debt facility with Metacrine's current lender, K2 HealthVentures LLC, whereby Equillium would assume Metacrine's existing loan with an outstanding principal balance of $15 million, along with potential access to an additional $10 million of committed debt capital. Concurrent with the transaction closing, Equillium intends to retire its existing debt facility with Oxford Finance LLC and SVB, which currently has an outstanding principal balance of $10 million. After paying off its existing debt facility, Equillium expects to add an estimated $33 million of cash to its balance sheet at closing. Equillium is not planning to retain any current Metacrine employees and expects to assume minimal operating expenses while maintaining sole discretion over the timing and extent of advancing development of the Metacrine programs. The acquisition is anticipated to close late 2022 pending approval from both Equillium and Metacrine shareholders, Metacrine having minimum net cash of $23 million, and other customary closing conditions. Preston Klassen, M.D., MHS, has served as president and chief executive officer and as a member of the board of directors of Metacrine since June 2020. From March 2017 to June 2020, Dr. Klassen served as executive vice president, head of research and development and chief medical officer of Arena Pharmaceuticals, Inc. From June 2016 to March 2017, he was chief medical officer of Laboratoris Sanifit S.L., and from November 2009 to May 2016, was executive vice president, head of global development at Orexigen Therapeutics, Inc. Dr. Klassen also held several positions of increasing responsibility at Amgen Inc., including therapeutic area head for nephrology. Before joining Amgen, he was a faculty member in the Division of Nephrology at Duke University Medical Center. Dr. Klassen received his medical degree from the University of Nebraska College of Medicine, completed his residency in internal medicine, fellowship in nephrology, and Master of Health

Sciences degree at Duke University and holds a B.S. in Chemistry from Central University of Iowa.

**The Materially Incomplete and Misleading Proxy Statement**

21. On November 10, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Metacrine stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for Equillium and Metacrine, and the financial analyses that support the Fairness Opinions provided by MTS, an affiliate of the Company's financial advisor, MTS Partners; and (ii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Equillium and MTS's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning the financial projections for Equillium.

23. According to the Proxy Statement, the Metacrine-Prepared Projections "were prepared by the management of Equillium and provided to the management of Metacrine, and then adjusted by the management of Metacrine[.]" Proxy Statement at 92. The Proxy Statement further states, "[t]he Metacrine-Prepared Projections include unlevered free cash flow[.]" *Id*. Yet, the Proxy Statement fails to disclose any unlevered free cash flows for Equillium, including, but not limited to, the respective unlevered free cash flows for Equillium used by MTS in its *Discounted Cash Flow Analysis – September Opinion Projections* and *Discounted Cash Flow Analysis – October Opinion Projections*, as well as the underlying line items.

24. Moreover, the Proxy Statement fails to disclose any financial projections for Metacrine, including any projections reviewed or relied upon by the Board, Company management, Equillium, MTS or MTS Partners in connection with the Proposed Transaction.

25. The Proxy Statement also fails to disclose material information concerning MTS's financial analyses underlying its Fairness Opinions.

26. With respect to MTS's *Discounted Cash Flow Analysis – September Opinion Projections* and *Discounted Cash Flow Analysis – October Opinion Projections*, in addition to the unlevered free cash flows used in the analysis, the Proxy Statement fails to disclose a quantification of the inputs and assumptions underlying the discount rates ranging from 14.0% to 18.0%.

27. With respect to MTS's *Public Trading Comparable Companies Analysis* for each of the Fairness Opinions, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by MTS.

28. With respect to MTS's *Pro Forma Combination Analysis and Intrinsic Valuation of Merger Consideration ("Has-Gets") Analysis)* for each of the Fairness Opinions, the Proxy Statement fails to disclose the "projected synergies and an assumed pro forma capital structure" used by MTS in the analysis. *Id.* at 109, 117.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

29. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

30. Specifically, the Proxy Statement fails to disclose whether any of Equillium's proposals or indications of interest mentioned management retention or director participation in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. Notably, it is expected that defendant Klassen will be

appointed to the Equillium board of directors following the completion of the Proposed Transaction. *See id.* at 120.

31. In sum, the omission of the above-referenced information renders statements in the "Equillium Financial Projections Used by Metacrine's Financial Advisor," "Opinions of Metacrine's Financial Advisor," "Financial Interests of Metacrine Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Metacrine will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Metacrine**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Metacrine is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Metacrine within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Metacrine and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Metacrine, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 22, 2022                                    **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*